IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NPN FINANCIAL GROUP, LLC d/b/a THURO ACCOUNTING, § § § | | |
| *Plaintiff,* § § | | |
| v. § | Civil Action No. 4:25-cv-00623-P | |
| § SAMANTHA FOULKES and MJN ACCOUNTING, LLC, § § § § | | |
| *Defendants.* § | | |

## FED. R. CIV. P. 26(f) JOINT REPORT

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order (ECF Nos. 5 & 9), Plaintiff NPN Financial LLC d/b/a Thuro Accounting ("Plaintiff") and Defendants Samantha Foulkes ("Foulkes") and MJN Accounting, LLC ("MJN Accounting") (jointly, "Defendants") (collectively, the "Parties") submit this Joint Report.

(1) A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures.

**The Scheduling Conference was held on June 27, 2025, at Fisher & Phillips, LLP. Steven B. Coffin, counsel for Plaintiff, and Collin Brodrick, counsel for Defendants, were present at the Scheduling Conference. Counsel made significant and meaningful progress towards settlement. The Parties anticipate that this action will be resolved through a private settlement agreement and agreed injunction within fourteen (14) days of the date of this Joint Report.**

(2) A brief statement of the claims and defenses:

**Plaintiff's Statement of the Case:**

**This action arises out of Defendant Foulkes' former employment by Plaintiff and her wrongful use of Plaintiff's confidential and proprietary information after her employment ended. As a result of Defendants' conduct to interfere with contracts between Plaintiff and its customers, Plaintiff has incurred significant damages.**

**Accordingly, Plaintiff has asserted two claims against Defendants: (1) Interference with Contractual Relations; and (2) Misappropriation of Trade Secrets.
Plaintiff initially sought legal recourse against Defendants in the 96th District Court of Tarrant County (the "State Action").**

**Defendants' Statement of the Case:**

**Defendants removed the State Action to this Court on June 16, 2025. Defendants deny Plaintiff's allegations and plan to assert several defensive arguments, namely that, pursuant to the California choice-of-law clause in the agreement, the restrictive covenants and Plaintiff's attempt to enforce them are precluded under California law.**

(3) A brief statement on whether there is "an obvious factual nexus to the Fort Worth Division," as contemplated in Section I(B) of Judge Pittman's Judge Specific Requirements found on the Northern District of Texas website.

**Plaintiff contends that there is an obvious factual nexus to the Fort Worth Division when considering the public and private interest factors set forth in *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) because: (a) the sources of proof, including certain witnesses, are located in Tarrant County; (b) to the extent that sources of proof and witnesses are not located in Tarrant County, any inconvenience associated with obtaining such proof of compelling the attendance of such witnesses can be significantly reduced or eliminated by permitting the witnesses to appear virtually; (c) Tarrant County has an important and local interest in hearing this action in the Fort Worth Division because it concerns a Texas company with its principle place of business in Tarrant County; (d) to the extent that Plaintiff's claims do not arise under the Confidentiality Agreement between Foulkes and Plaintiff, Texas law will govern the dispute between the Parties.**

(4) A proposed time limit to amend pleadings and join additional parties.

**The Parties agree that the deadline to amend pleadings and join additional parties be set for August 22, 2025.**

(5) A proposed time limit for dispositive motions.

**The Parties agree to file dispositive motions by May 18, 2026.**

(6) A proposed time limit for initial designation of experts and responsive designation of experts.

**The Parties agree that Plaintiff should designate experts by November 7, 2025, and Defendants should designate experts by December 8, 2025.**

(7) A proposed time limit for objections to experts.

**The Parties agree that any objections to experts should be filed by May 18, 2026, the same date as dispositive motions.**

(8)   A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases.

**The Parties agree to complete factual and expert discovery by May 4, 2026 and that discovery need not be conducted in phases.**

**The Parties further agree that the scope of discovery will include matters regarding: (1) the employment relationship between Foulkes and Plaintiff; (2) Foulkes' organization of MJN Accounting; (3) actions taken by Foulkes during her employment by Plaintiff; (4) MJN Accounting's conduct to solicit and market itself to customers, including certain customers that previously did business with Plaintiff; (5) the damages each Party alleges they incurred in connection with the subject matter of the lawsuit; (6) Plaintiff's client relationships and the services provided to clients; and (7) other materials related to the facts alleged in Plaintiffs' live pleading and any pleading or motion filed by either Party subsequent to the date of this Joint Report.**

(9)   A statement on whether any limitation on discovery need to be imposed, and if so, what limitations.

**The Parties agree that a Protective Order will be necessary to protect against the disclosure of confidential and proprietary information and that any protective order entered should permit the Parties to designate certain materials as "Attorneys' Eyes Only" ("AEO").**

(10)  A statement on how to disclose and conduct discovery on electronically-stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI.

**The Parties do not presently have any outstanding disputes regarding ESI and intend to disclose and conduct discovery on ESI pursuant to standard and customary procedures and in accordance with the Federal Rules of Civil Procedure.**

(11)  A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded.

**The Parties propose a trial date of September 14, 2026, and anticipate a one-day trial. Plaintiff has demanded a jury trial.**

(12)  A proposed mediation deadline.

**April 17, 2026.**

(13)  A statement on when and how disclosures under Fed. R. Civ. P. 26(a)(1) were made or will be made.

>Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the Parties will serve their respective disclosures under Fed. R. Civ. P. 26(a)(1) by August 15, 2025.

(14) A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge.

>**The Parties do not consent to a trial before a United States Magistrate Judge.**

(15) Whether a conference with the Court is desired, and if so, a brief explanation why.

>**A conference with the Court is not desired by either Party.**

(16) Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).

>**None at this time.**

Date: July 1, 2025

Respectfully submitted,

**SCHEEF & STONE, LLP**

/s/ *Steven B. Coffin*
**Patrick J. Schurr**
Texas Bar No. 17853530
Patrick.Schurr@solidcounsel.com
**Steven B. Coffin**
Texas Bar No. 24126360
Steven.Coffin@solidcounsel.com

2600 Network Blvd., Suite 400
Frisco, Texas  75034
Tel. (214) 472-2100
Fax (214) 472-2150

**ATTORNEYS FOR PLAINTIFF**
**FISHER & PHILLIPS LLP**

By: */s/ Collin K. Brodrick*
    Collin K. Brodrick
    Texas State Bar No. 24087212
    cbrodrick@fisherphillips.com

    500 Crescent Court, Suite 300
    Dallas, Texas 75201

                                                      (214) 220-8306 Telephone  
                                                      (214) 220-9122 Facsimile

                                               **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5(b), I certify that the above document was served on July 1, 2025, on all counsel of record via the Court's electronic filing system.

                                                   */s/ Steven B. Coffin*  
                                                   Steven B. Coffin